UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIMOLINER INC., <br> Plaintiff/Defendant-in-Counterclaim, <br><br> vs. <br><br> DATTCO, INC., <br> Defendant/Plaintiff-in-Counterclaim. | CIVIL ACTION NO. <br> 1:11-CV-11877-WGY |

## **PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF (ADDITIONAL) MATERIAL FACTS**

Plaintiff, LimoLiner, Inc. hereby responds to Defendant's Statement of (Additional) Material Facts Statement of Material Facts in support of its opposition to Plaintiff's motion for partial summary judgment on Count V of its Complaint. The Plaintiff's admissions to facts alleged herein are done only for the purpose of the pending summary judgment motion.

1. In approximately January of 2011, the principal of LimoLiner, Fergus McCann, decided to sell 1 of the 6 liners owned by LimoLiner. Deposition of Fergus McCann, pp. 57-58, and 77, attached to the Affidavit of Counsel as Exhibit 1.

   **Plaintiff's Response**: The Plaintiff does not dispute this alleged fact notwithstanding that the materials cited by the Defendant do not reference that LimoLiner only had 6 liners at that time. . Plaintiff further states that this alleged fact is not material to Plaintiff's Motion for Partial Summary Judgment as to Liability Regarding Count V of its Verified Complaint ("Plaintiff's Motion") as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

2. He contacted a broker in Tennessee and listed Liner 3000 for sale and told the broker that Liner 3001 (both original vehicles from when LimoLiner began operations in 2003) was also likely available-for-sale, even though he was unaware of the condition of liner 3001 at the time. Deposition of Fergus McCann, pp. 7, 18, 57-58, 60-61, 70 and 76-77, attached to the Affidavit of Counsel as Exhibit 1.

   **Plaintiff's Response**: The materials cited by the Defendant to support the alleged fact that Liner 3001 was "likely available for sale," do not support said fact, therefore for this reason the Plaintiff disputes said facts. The cited testimony actually states that the vehicles "might be available" and that the 3001 would be "eventually for sale." Furthermore, only one liner was available for sale at that time. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

3. Specifically, he did not know at that time that Liner 3001 had been out of service for several months and was inoperable. Deposition of Fergus McCann, pp. 89-90, attached to the Affidavit of Counsel as Exhibit 1.

   **Plaintiff's Response**: The Plaintiff disputes this alleged fact. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

4. At that time, he made no arrangements for the purchase of one or more vehicles to replace the liners to be sold, even though obtaining another vehicle would take several months. Deposition of Fergus McCann, pp. 89-90 and 24-25, attached to the Affidavit of Counsel as Exhibit 1.

**Plaintiff's Response**: The Plaintiff disputes this alleged fact as well as the citation and characterization of evidence cited by Defendant. Fergus McCann ("Mr. McCann") expected and planned to replace the liners to be sold. See Deposition of Fergus McCann at 89:18 – 89:24. McCann further stated that although he did not plan on purchasing a replacement liner *prior to* selling the 3000, that he "hoped to have cash flow to order another vehicle" and that he was "constantly looking in the market." Id. at 90:6 – 90:8, 90:12 – 90:13. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

5. In February of 2011, Stephen Connolly became the general manager of LimoLiner. Deposition of Stephen Connolly, pp. 21, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: The Plaintiff does not dispute this alleged fact notwithstanding that the materials cited by the Defendant do not support this alleged fact. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

6. 2 months later, in April of 2011, he decided to have one of his mechanics look at Liner 3001, to determine if they could do whatever work needed to be done to get it running. Deposition of Stephen Connolly, pp. 48-49, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: The materials cited by the Defendant for the facts asserted above do not support all of said facts and therefore for this reason the Plaintiff disputes said unsupported facts except the Plaintiff does not dispute that the materials cited state that in

3

April 2011 Connolly "wanted to get the Liner back up and running." Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

8. He dispatched one of his mechanics, Michael Shaughnessy, to do this work. Deposition of Stephen Connolly, pp. 58-59, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: The Plaintiff disputes this alleged fact because the materials cited by the Defendant do not support that Connolly "dispatched one of his mechanics." Rather, Connolly states that he tasked Shaughnessy to take a look at the Liner. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

9. Shaughnessy was told to do this work when he had time and, after several weeks of little progress being achieved, Connolly decided that an outside vendor would have to be contacted to do the work has appeared beyond the capabilities of LimoLiner. Deposition of Stephen Connolly, pp. 64-6, 73-74, 77-80 and 82-83, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: The Plaintiff disputes this alleged fact because the materials cited by the Defendant do not support that "Shaughnessy was told to do this work when he had time." Rather, Connolly informed Shaughnessy that he wanted the Liner up and running as soon as possible. See Deposition of Stephen Connolly, pp. 66:2-5. The Plaintiff further disputes this alleged fact because the materials cited by the Defendant do not state that Connolly, by himself, decided that an outside vendor was necessary. Rather, the correct citation is that Connolly, Shaughnessy and Kane (a part-time mechanic) determined that an outside vendor was necessary. See Deposition of Stephen Connolly,

4

83:6-10. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

10. At that time, Connelly knew that LimoLiner was trying to sell 2 vehicles. Deposition of Stephen Connolly, pp. 56, 83-84 and 147-148, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: Plaintiff disputes this alleged fact. While it is true that LimoLiner intended to sell two liners, LimoLiner never intended to sell two liners at once, whereby being left with only four liners to operate its business. See Affidavit of Fergus McCann at ¶ 3 attached hereto. Stephen Connolly was not privy to all efforts and discussions surrounding the sale of LimoLiner's liners. Id. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

11. At the time Hazel met with Connelly and Shaughnessy, Liner 3001 was in a deplorable condition. Deposition of Robert Hazel, pp. 46, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: The Plaintiff does not dispute this alleged fact that according to Hazel's testimony Liner 3001 was in a "deplorable condition" but in further responding Plaintiff states this is a subjective opinion and "deplorable" is an undefined term. However, Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

12. Plaintiff's maintenance records on the Liner 3001 show that at the time of the last correct odometer reading on October 21, 2009 (a year before it went out of service), the mileage on the vehicle was 783,963 miles. Exhibit 7 to the Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 4.

    **Plaintiff's Response**: The Plaintiff disputes this alleged fact because the materials cited do not state that October 21, 2009 was the date of the last correct odometer reading. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

13. Those records also show that despite the fact that it had been going in for service on at least a monthly (and generally much more often) basis, the last noted service was on September 26, 2010. Exhibit 7 to the Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 4.

    **Plaintiff's Response**: The Plaintiff does not dispute that the Liner's last noted service on the subject document was September 26, 2010 according to Defendant's maintenance records. The Plaintiff disputes the rest of this alleged fact. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

14. Although LimoLiner contends that it required 5 vehicles and one spare vehicle to properly run its scheduled routes, it had only operated with 5 vehicles (and no spare vehicle) since the time Liner 3001 was taken off the road in 2010. Deposition of Fergus McCann, pp. 31-32, attached to the Affidavit of Counsel as Exhibit 1. Deposition of Stephen Connolly, pp. 25, 29, attached to the Affidavit of Counsel as Exhibit 2.

**Plaintiff's Response**: The Plaintiff does not dispute this alleged fact, but further states that from December 2010 to April 2011 LimoLiner had a less frequent service being operated, so it was not vital to operate six liners at that time. See Affidavit of Fergus McCann at ¶ 4 attached hereto. In the higher frequency period that followed April 2011, five operating liners plus a spare liner was desirable. Id. Moreover, if a sale had occurred by that time, five healthy, operating liners were needed especially if there was a gap when replacing the sixth liner. Id. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

15. During Connolly's tenure as general manager, LimoLiner generally only operated four liners per week, on average. Deposition of Stephen Connolly, pp. 34-35, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: The Plaintiff disputes this alleged fact and states that it is misleading and taken out of context. Connolly testified that five liners were scheduled to operate each day. Deposition of Stephen Connolly, pp. 35:18-21. Connolly testified that a liner being "down a week" did not constitute an entire week (i.e., seven days) but instead encompassed "multiple days." Id. at pp. 35:6-9. Moreover, the average in service is over a seven day period, not on a daily period. See Affidavit of Fergus McCann at ¶ 5 attached hereto. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

16. Photographs of the vehicle that fairly and accurately depict some of the condition of the vehicle at the time it was received by LimoLiner, document this condition. Deposition of

Edward Corr, pp. 177-181, attached to the Affidavit of Counsel as Exhibit 5; and, Exhibit 28 to Deposition of Edward Corr, attached to the Affidavit of Counsel as Exhibit 6.

**Plaintiff's Response**: The Plaintiff does not dispute this alleged fact. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

17. Dattco's mechanics first attempted to inspect the vehicle on June 9, 2011, when the vehicle was jump started. Exhibit 3 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 7.

    **Plaintiff's Response**: The Plaintiff does not dispute this alleged fact.

18. The following day, June 10, 2011, Dattco employees inspected the vehicle. Exhibit 3 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 7.

    **Plaintiff's Response**: The Plaintiff does not dispute this alleged fact.

19. At some point thereafter, a list of repairs was generated. Deposition of Michael Shaughnessy, pp. 40-42, attached to the Affidavit of Counsel as Exhibit 8; Exhibit 1 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 9.

    **Plaintiff's Response**: The Plaintiff does not dispute this alleged fact.

20. This list of repairs was reviewed and discussed between the parties and an agreement was reached as to what repairs Dattco would undertake to perform and what repairs LimoLiner would reserve for its own employees. Deposition of Michael Shaughnessy, pp. 41-45, 51, attached to the Affidavit of Counsel as Exhibit 8; Deposition of Stephen Connolly, pp. 106-111, 119-120, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: The Plaintiff does not dispute this alleged fact that some oral agreement was reached although the parties dispute the specifics of the agreement. The

basis of Plaintiff's Motion is that the dispute between the parties concerns, at least in part, as to what the oral agreement was which could have been avoided if Dattco had complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

21. Shaughnessy marked up that list, noting the responsibility of each party for each designated repair. Deposition of Michael Shaughnessy, pp. 41-45, 51, attached to the Affidavit of Counsel as Exhibit 8; Exhibit 2 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 10.

    **Plaintiff's Response**: The Plaintiff does not dispute this alleged fact as to items set forth on the list, but the list did not include all items that were orally discussed.

22. That list contained 37 items that required repair and/or replacement. Exhibit 2 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 10.

    **Plaintiff's Response**: The Plaintiff disputes this alleged fact because it misstates that 37 items were listed, as 38 items were actually listed. Moreover, for clarity, the list purportedly sets forth what Dattco believed "required repairs and/or replacements."

23. The agreed list of repairs contains no reference to any inverter issue. Deposition of Michael Shaughnessy, pp. 48-50, attached to the Affidavit of Counsel as Exhibit 8; Exhibit 2 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 10.

    **Plaintiff's Response**: The Plaintiff does not dispute this alleged fact that the written list does not make reference to any inverter, but there were oral discussion regarding the inverter. The basis of Plaintiff's Motion is that the dispute between the parties concerns, at least in part, as to what revolves around the oral agreement was which could have been avoided if Dattco had complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

Moreover, the inverter was not listed on the List because it was a "given," that is, clearly understood, that the inverter would be repaired or replaced by Dattco. Deposition of Michael Shaughnessy, pp. 49:19 – 50:1. The purpose of the List was to specify *other* needed repairs following Dattco's detail inspection and all of the work the parties agree Dattco was to perform should have been provided by Dattco per the applicable regulations.

24. At about that time, Hazel e-mailed Connelly with an estimate that the noted repairs would take approximately 40 hours, at $85 per hour. Deposition of Stephen Connolly, pp. 98, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: The Plaintiff disputes this alleged fact. Connolly had asked Hazel how long the repairs would take and at what cost. Deposition of Stephen Connolly, pp. 98. Connolly stated that Hazel informed him that it would take 40 hours at an approximate price of $85.00 per hour. Id. The cited testimony by Defendant does not state that Hazel e-mailed Connolly an estimate nor is there such an email on record.

25. Based on this agreement as to the repairs to be performed, Dattco began work on the vehicle on June 16, 2011 and continued work on the vehicle during June, 2011. Exhibit 3 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 7.

    **Plaintiff's Response**: The Plaintiff disputes this alleged fact. Moreover, the work was not continuous but rather was infrequent. Exhibit 3 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 7 (according to this exhibit, Dattco only worked on the Liner on June 17, 24 and 29).

26. Another one of LimoLiner's vehicles, Liner 3002, was destroyed in a fire on the Massachusetts Turnpike, in late June of 2011. Deposition of Stephen Connolly, pp. 120-122, 134, attached to the Affidavit of Counsel as Exhibit 2.

    **Plaintiff's Response**: The Plaintiff disputes this alleged fact. The Liner that was destroyed in late June of 2011 was Liner 3000. See Affidavit of Fergus McCann at ¶ 6 attached hereto. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

27. The first written communication between the parties regarding the status of the repairs does not incur until July 28, 2011, when Hazel responded to an inquiry by Connelly telling him the status of the work being done in the amount of hours already spent on the job. Deposition of Stephen Connolly, pp. 135-136, attached to the Affidavit of Counsel as Exhibit 2; Exhibit 4 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 11; Exhibit 8 to the Deposition of Robert Hazel, attached to the Affidavit of Counsel as Exhibit 12.

    **Plaintiff's Response**: The materials cited by the Defendant for the facts asserted above do not support said facts, therefore for this reason the Plaintiff disputes said facts, except the Plaintiff does not dispute that there was a July 28, 2011 communication, which speaks for itself.

28. Hazel indicated that although Dattco had 62.2 hours of work completed at that time, it would adjust the hours and LimoLiner would not be charged for that many hours. Exhibit 4 to Deposition of Stephen Connolly, attached to the Affidavit of Counsel as Exhibit 11.

11

**Plaintiff's Response**: The Plaintiff does not dispute this alleged fact. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

29. At the request of LimoLiner, the parties then had a meeting on August 4, 2011 at which time McCann wanted to know when the repairs would be completed and demanded to know how Dattco was going to compensate LimoLiner for the alleged monetary losses it had sustained. Deposition of Robert Hazel, pp. 135, attached to the Affidavit of Counsel as Exhibit 3.

    **Plaintiff's Response**: The materials cited by the Defendant for the facts asserted above do not support said facts, therefore for this reason the Plaintiff disputes said facts, except the Plaintiff does not dispute that there was a meeting held on August 4, 2011, which was followed by an August 8, 2011 letter which references the issues set forth above. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

30. On August 8, 2011, Connelly hand-delivered a letter to Hazel, essentially complaining about how little work had been done on the vehicle. He first admitted that Dattco had been provided with a list of repairs that LimoLiner had identified as necessary and the parties agreed that Dattco would carry them out. He also admits that Hazel had estimated that this work would take approximately 40 hours to complete, in addition to the cost of required parts. While he stated that LimoLiner was to be advised of any additional work required to return the vehicle fit for service, he made no complaint in the letter about not being advised of additional work that was required. Instead, he complained about the level of attention, time and resources assigned to the job as being so limited that there

was no possibility of the work being done in anything close to a reasonable timeframe. Connelly asked Dattco what it intended to do to ensure that the vehicle will be returned for service without delay and how Dattco intended to compensate LimoLiner for the alleged damages sustained as a result of the delay in repairing the vehicle. He further offered to settle the matter on certain terms, those being that Dattco would deliver the vehicle, fit for service, by 5 PM on Friday, August 12, 2011 (4 days later) and that Dattco would bill LimoLiner for the estimated 40 hours, plus the cost of parts for the work initially identified, plus labor and parts for additional necessary work not listed that was required. Connelly also demanded that Dattco reimburse LimoLiner for a portion of its alleged loss of revenue, namely 3 weeks of loss of use, valued at $42,000. Letter from Connelly to Dattco, dated August 8, 2011, attached to the Affidavit of Counsel as Exhibit 13.

**Plaintiff's Response**: The materials cited by the Defendant for the facts asserted above do not support all of said facts therefore for this reason the Plaintiff disputes said unsupported facts , and the Plaintiff further responds that the August 8, 2011 letter speaks for itself. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

31. A final bill for the work done by Dattco, in the amount of $10,404 was transmitted to LimoLiner on August 25, 2011. Exhibits 19 and 20 to Deposition of Robert Hazel, attached to the Affidavit of Counsel as Exhibit 14.

**Plaintiff's Response**: The Plaintiff does not dispute this alleged fact. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

32. In a letter from LimoLiner's counsel to Bruce Gray of Dattco, dated September 1, 2011, counsel noted that LimoLiner's complaints at that point were the length of time the repairs took (not the amount of hours on the bill). He suggested that a dispute existed between the parties as to the losses suffered by LimoLiner as a result of the delay. He suggested payment of the entire Bill in escrow, until a resolution of the dispute was obtained. No mention is made of any alleged violation of any regulation as being a cause of LimoLiner's alleged damages. Letter from James Singer, Esq. to Bruce Gray, dated September 1, 2011, attached to the Affidavit of Counsel as Exhibit 15.

**Plaintiff's Response**: The materials cited by the Defendant for the facts asserted above do not support all said facts therefore for this reason the Plaintiff disputes said unsupported facts, and the Plaintiff further responds that the September 1, 2011 letter speaks for itself. Plaintiff further states that this alleged fact is not material to Plaintiff's Motion as to whether or not Defendant complied with 940 Code Mass. Regs. § 5.05 (2), (3) and (5).

Respectfully submitted,
LimoLiner, Inc.,
Plaintiff,
By its attorney,

/s James S. Singer
James S. Singer, BBO # 464560
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
(617) 723-7700
jsinger@rflawyers.com

Date: August 22, 2013

## CERTIFICATE OF SERVICE

I, James S. Singer, certify that on August 22, 2013, I did cause a true and correct copy of LimoLiner Inc.'s Response to Defendant's Statement of (Additional) Material Facts in support of its opposition to Plaintiff's motion for partial summary judgment on Count V of its Complaint to be served *via* this Court's Electronic Filing ("ECF") System.

By: /s James S. Singer
James S. Singer, Esq.

Date: August 22, 2013