UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIMOLINER, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-11877-JCB |
| ) | |
| v. ) | |
| ) | |
| DATTCO, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER ON LIMOLINER'S MOTION TO ALTER OR AMEND THE JUDGMENT
[Docket No. 142]

August 6, 2018

Boal, M.J.

This case concerns a dispute between a luxury motor coach company, Plaintiff LimoLiner, Inc. ("LimoLiner") and the company that LimoLiner engaged to repair one of its coaches, defendant Dattco, Inc. ("Dattco"). The Court of Appeals for the First Circuit remanded the case to this Court for further findings regarding LimoLiner's Chapter 93A claims.[1] On November 27, 2017, this Court found that Dattco did not violate Chapter 93A. Docket No. 141. This Court found that a violation of the Motor Vehicle Regulations at 940 C.M.R. § 5.05 does not give rise to a per se Chapter 93A violation and, therefore, LimoLiner had to show that Dattco's violations of the regulations were unfair or deceptive. Id. at 15-16. The Court further found that LimoLiner had not met that burden. Id. at 16-18. LimoLiner has filed a motion to

---

[1] All parties consented to the exercise of jurisdiction by a United States Magistrate Judge for all purposes and the case was reassigned to this Court on January 10, 2012. Docket No. 17.

1

alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Docket No. 142.

Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence. Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)). LimoLiner argues that this Court made a manifest error of law when it stated that a violation of the Attorney General regulations does not give rise to automatic liability under Chapter 93A. Docket No. 142 at 2. The Court disagrees.

In Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165 (2013), the SJC held that a violation of the Attorney General regulations at 940 C.M.R. § 3.16(3) did not constitute an automatic violation of Chapter 93A. 940 C.M.R. § 3.16(3) declares that an act or practice is a violation of Chapter 93A if "it fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection." The Klairmont case involved a violation of the state building code, which qualified as a regulation meant for the protection of the public's health, safety or welfare. See Klairmont, 465 Mass. at 173. Despite the language of Section 3.16(3), the SJC held that a violation of a law or regulation meant for the protection of the public's health, safety or welfare constitutes a violation of Chapter 93A only if the conduct leading to the violation is both unfair or deceptive and occurs in trade or commerce. Id. at 174. The First Circuit has interpreted the Klairmont decision, stating:

> The course of the SJC's analysis is *Klairmont* demonstrates exactly what it meant when it said that 940 C.M.R. § 3.16(3) is 'bound' by the scope of Chapter 93A: despite the regulation's broad wording purporting to do so, the Attorney General is not empowered to issue regulations rendering

2

certain statutory violations 'per se' Chapter 93A violations. Indeed, the SJC went out of its way to say that the trial judge got it wrong when she said the defendants' building code violations *were* per se violative of Chapter 93A.

The lesson of *Klairmont* may be summed up as so: the Massachusetts Attorney General's regulatory authority to 'make rules and regulations interpreting' Chapter 93A, § 2(a), Mass. Gen. Laws ch. 93A, § 2(c), does not extend so far as to permit her to allow a plaintiff to show that a defendant has violated an independent statute in lieu of satisfying Chapter 93A's substantive requirements of showing the complained-of act was *both* unfair and deceptive *and* that it occurred in trade or commerce.

McDermott v. Marcus, Errico, Emmer & Brooks, P.C., 775 F.3d 109, 120 (1st Cir. 2014) (emphasis in original).[2] The Court also stated that there are "two alternative paths to per se Chapter 93A liability: the text of Chapter 93A itself, or the text of an independent statute." McDermott, 775 F.3d at 122.

Later, the First Circuit reaffirmed this view, stating that "as we explained in McDermott, 'the Attorney General is not empowered to issue regulations rendering certain statutory violations 'per se' Chapter 93A violations.'" Sharp v. Hylas Yachts, LLC, 872 F.3d 31, 50 (1st Cir. 2017). Sharp involved the regulations at 940 C.M.R. 3.08(2), which provide that "[i]t shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations arising under a warranty." Nevertheless, the Sharp court found that not all breaches of warranty are necessarily violations of Chapter 93A. Sharp, 872 F.3d at 50. Thus, these decisions confirm the Court's statement that "a violation of the Attorney General Regulations does not give rise to automatic liability under Chapter 93A." Docket No. 141 at 15.

---

[2] McDermott involved 940 C.M.R. 3.16(4), which provides that an act or practice is a violation of Chapter 93A if it "violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other Federal consumer protection statutes within the purview of M.G.L. c. 93A, § 2."

LimoLiner argues that the Motor Vehicle Regulations at issue in this case are distinguishable from the regulations at issue in Klairmont, McDermott and Sharp. Docket No. 142 at 8-11. Specifically, it argues that, unlike the regulations at issue in those cases, the Motor Vehicle regulations expressly identify certain acts or practices which are unfair or deceptive. Id. at 9. However, the First Circuit decisions in McDermott and Sharp do not appear to be based on the specificity of the regulations at issue but on the Attorney General's lack of authority to "regulate away" the requirements of Chapter 93A. See McDermott, 775 F.3d at 121-122; see also Sharp, 872 F.3d at 50.

This case illustrates the wisdom of First Circuit rulings. While this Court can envision many situations under which violations of the Motor Vehicle Regulations could be unfair or deceptive, this is not such a case. Dattco's failure to record the inverter repair was the result of clerical error or negligence. Docket No. 141 at 17. Negligent conduct, standing alone, does not violate Chapter 93A. Klairmont, 465 Mass. at 176. Similarly, LimoLiner's failure to provide an estimate for the cost of parts was likely based on the parties' agreement that LimoLiner would provide some of the parts in order to avoid having to pay markups to Dattco. Dattco did provide an estimate for labor but was likely unable to provide an estimate for parts because the parties had not yet worked out which parts LimoLiner would provide. Docket No. 141 at 18. LimoLiner presented no evidence that Dattco overcharged it for any of the parts it provided. Under the circumstances, therefore, Dattco's failure to comply with the regulations was neither unfair nor deceptive.[3]

---

[3] Dattco's conduct stands in stark contrast to that of the defendant in Klairmont where it "consciously violated the building code for more than twenty years, thereby creating hazardous conditions in a place of public assembly where alcohol is served to commercial patrons." Klairmont, 465 Mass. at 174.

The Court has carefully considered LimoLiner's arguments, as well as the cases to which it cites, and does not find them persuasive. Accordingly, the Court denies LimoLiner's motion.

                                              /s/ Jennifer C. Boal
                                              JENNIFER C. BOAL
                                              United States Magistrate Judge