JAMES L. RUDOLPH
ROBERT H. SHAER
JONATHON D. FRIEDMANN
JOSEPH W. WORTHEN II**
JOHN H. ROGERS
WILLIAM A. KORMAN**
JOCELYN J. CAMPBELL
GEORGE GEORGOUNTZOS
MARK T. RUMSON
ADAM J. SHAFRAN
ASHLEY M. GREEN
ROBERT P. RUDOLPH
NICHOLAS J. SCHNEIDER
Of Counsel
GARY E. LAMBERT†
MICHAEL S. KALIS
BRYAN S. MACCORMACK*

† Registered Patent Attorney
*Also admitted in Florida
**Also admitted in New Hampshire

# RUDOLPH FRIEDMANN LLP

COUNSELLORS AT LAW

92 STATE STREET

BOSTON, MASSACHUSETTS 02109

(617) 723-7700
Telecopier: (617) 227-0313

OLIVER'S POND
216 HUMPHREY STREET
MARBLEHEAD, MA 01945
(781) 639-4600

To Contact Writer:
Voice Mail Ext. 171
Email: JFriedmann@rflawyers.com

August 8, 2019

Mr. Steve York
Clerk's Office, Civil
United States District Court for the
District of Massachusetts
John Joseph Moakley U.S. Courthouse, Suite 2300
1 Courthouse Way,
Boston, MA 02210
Electronic Access (PACER)

**RE: *Limoliner, Inc, v. Dattco, Inc.***
     **Civil Action No.: 1:11-CV-11877-JCB**

Dear Mr. York,

As you are aware, this firm represents the Plaintiff, Limoliner Inc., in the above-referenced action. We are writing to request that you kindly issue execution in the above-entitled matter, in the amount detailed below, and forward same to this office, at your earliest convenience.

As grounds for this request, the Plaintiff recounts for this Honorable Court that this action came to trial before the Honorable Judge Jennifer C. Boal on March 3-6, 2014. On September 24, 2014, Judge Boal issued her Findings of Fact and Conclusions of Law, and judgment (Subject to Appeal) entered on October 14, 2014. See **Exhibit A**.

Judge Boal found that the Defendant had breached its contract with the Plaintiff and entered judgment in favor of Limoliner, Inc., on October 14, 2014 in the amount of $35,527.89, together with pre-judgment interest at the rate of 12% from the date of the Plaintiff's filing of its Complaint through the date of the entry of judgment (i.e. pre-judgment interest totaling $12,893.19), for a total of **$48,421.08**. See **Exhibit A**.

The Judge also entered judgment in favor of the Defendant, Plaintiff-in-Counterclaim, Dattco, Inc. in the amount of $10,404, together with pre-judgment interest at the rate of 12% from the date of its filing of its counterclaim on November 30, 2011, to the date of the entry of judgment (i.e. pre-judgment interest totaling $3584.35), for a total of **$13,988.35**.

1

Judge Boal's judgment resulted in a net award in favor of the Plaintiff in the amount of **$34,432.73**, as of the date of judgment entry on October 14, 2014.

The case was originally filed on October 5, 2011 in the Norfolk Superior Court, Dedham, Massachusetts, and was removed by the Defendants on the basis of diversity. Massachusetts contract and consumer protection law were applied by the Court in adjudicating the parties respective claims.

Numerous appeals were filed in the United State Court of Appeals for the First Circuit, as well as a reference to the Massachusetts Supreme Judicial Court, all of which proved unsuccessful. Final Judgment by the United States Court of Appeals, entered on March 22, 2019, affirming the judgment of the District Court and ending the appellate process regarding this matter. See **Exhibit B**. Formal Mandate of the Court of Appeals entered on May 7, 2019. See **Exhibit C.**

It is well-established that under the Federal Rules of Civil Procedure governing execution of money judgments, state law governs not only parties' substantive rights concerning execution of judgment, but also the procedure to be followed. See Fed. R. Civ. P., Rule 69.

It is also long-established law that where state law (in this case Massachusetts law) governs the substance of the underlying transaction or occurrence giving rise to the federal lawsuit, Massachusetts law should be applied when calculating pre-judgment interest. See *Morris v. Watsco, Inc.*, 385 Mass. 672, 674-75 (1982). In this case, which involved a breach of contract claim initially filed in a state Superior Court and removed to the Federal District Court on the grounds of diversity, state pre-judgment interest law is considered to be substantive law, and therefore must be applied in diversity-based cases, such as the instant action. See *Commercial Union Ins. Co. v. Walbrook Ins. Co.* 41 F.3d 764 (1st Cir. 1994); *Aubin v. Fudala,* 782 F.2d 287, 289 (1st Cir. 1986). The claims giving rise to this action arose from a state contractual transaction governed by Massachusetts contract and consumer protection law, and therefore Massachusetts substantive law must govern the calculation of pre-judgment interest and the procedure to be followed in issuing execution upon judgment.

Under Massachussetts law, in all actions based upon contractual obligations, upon a verdict, finding the order for judgment for pecuniary damages, interest shall be "added by the clerk of the court to the amount of damages.... at the rate of 12% per annum from the date of the commencement of the action. See M.G.L.c. 231, Section 6C.

Based upon the foregoing, kindly issue execution in the above-entitled matter in the amount of **$54,403.71**, reflecting this Court's net award of $34,432.73 (as of October 14, 2014, inclusive of pre-judgment interest to that date) plus additional interest of 12% per annum accrued through the date of final judgment entered by the United States Court of Appeals and entry of final mandate (i.e. $19,970.98 in additional interest accrued from October 14, 2014 through May 7, 2019, as provided under Massachusetts Law).

A proposed execution is attached hereto, for the Court's convenience, as **Exhibit D**.

Upon issuance of the execution, please forward the same to this office and thank you for your attention to this matter. Should you have any additional questions or concerns, please do not hesitate to contact the undersigned.

Very truly yours,

Jonathon D. Friedmann

## CERTIFICATE OF SERVICE

I, Jonathon D. Friedmann, certify that on August 8, 2019, I served an electronic copy of this document, and exhibits, via CM/EFC upon each party in this case including counsel of record: Christopher Shaw Williams, Williams & Associates, 685 Centre Street, Suite 208, Boston, MA 02130 (cwilliams@williams-lawyers.com) and Rorert E. Curtis, Jr., P.O. Box 571 North Andover, MA 01845-0541 (rclp01845@gmail.com).

Jonathon D. Friedmann

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIMOLINER INC., <br><br> Plaintiff/Defendant-in-Counterclaim, <br><br> vs. <br><br> DATTCO, INC., <br><br> Defendant/Plaintiff-in-Counterclaim. | CIVIL ACTION NO. <br> 1:11-CV-11877-JCB |

## PARTIES' JOINT PROPOSED JUDGMENT IN CIVIL ACTION

This action came to trial before the Court (Boal, M.J.) on March 3-6, 2014, with all parties consenting to the exercise of jurisdiction by the United States Magistrate Judge for all purposes, and pursuant to the Findings of Fact and Conclusions of Law dated September 24, 2014, it is hereby Ordered and Adjudged:

1. Judgment shall enter in favor of the Plaintiff LimoLiner, Inc. in the amount of $35,527.89, together with pre-judgment interest at the rate of 12% from the date of the Plaintiff's filing its Complaint on October 5, 2011 through the date of entry of this Judgment on October 14, 2014, in the amount of $12,893.19, for a total of $48,421.08.

2. Judgment shall enter in favor of the Plaintiff-in-Counterclaim Dattco, Inc. in the amount of $10,404.00, together with pre-judgment interest at the rate of 12% from the date of its filing its Counterclaim on November 30, 2011 through the date of entry of this Judgment on October 14, 2014, in the amount of $3,584.35, for a total of $13,988.35.

3. The parties shall bear their own costs.

Clerk of Court **ROBERT M. FARRELL**

Date: October 14, 2014          By: *Steve York*
                                     Deputy Clerk

# EXHIBIT B

# United States Court of Appeals
## For the First Circuit

No. 18-1800

LIMOLINER, INC.,

Plaintiff, Appellant,

v.

DATTCO, INC.,

Defendant, Appellee.

### JUDGMENT

Entered: March 22, 2019

This cause came on to be submitted on the briefs and original record on appeal from the United States District Court for the District of Massachusetts.

Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: The judgment of the district court is affirmed. Costs are awarded to Dattco, Inc.

By the Court:

Maria R. Hamilton, Clerk

cc:
Jonathon David Friedmann
Robert E. Curtis Jr.
Christopher Shaw Williams

# EXHIBIT C

# United States Court of Appeals
## For the First Circuit

No. 18-1800

LIMOLINER, INC.

Plaintiff - Appellant

v.

DATTCO, INC.

Defendant - Appellee

### MANDATE

Entered: May 7, 2019

In accordance with the judgment of March 22, 2019, and pursuant to Federal Rule of Appellate Procedure 41(a), this constitutes the formal mandate of this Court.

By the Court:

Maria R. Hamilton, Clerk

cc:
Robert E. Curtis Jr.
Jonathon David Friedmann
Christopher Shaw Williams

# EXHIBIT D

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**FIRST EXECUTION**                                    Civil Action No. 1:11-CV-11877-JCB

To the United States Marshall for the District of Massachusetts or either of his Deputies and to

_____, Special Process Server:

    WHEREAS Limoliner, Inc., has recovered judgment against Dattco, Inc., on the

_____ Day of _____, _____, for the sum of $ **54,403.71,** debt

or damage, including pre-judgment interest, ; as to us appears of record, whereof this First Execution remains to be done,

    WE COMMAND YOU, therefore, that the goods and chattels or lands of said Judgment Debtor, to cause to be paid and satisfied unto said Judgment Creditor, at the value thereof in money the aforesaid sums, being a total of $ **54,403.71,** in the whole, with interest thereon at the rate of 12% from said day of rendition of said judgment; and thereof also to satisfy yourself for your own fees.

    HEREOF FAIL NOT and make do return of this Writ with your doings thereon into the Clerk's Office of our said court at John Joseph Moakley U.S. Courthouse, Suite 2300, 1 Courthouse Way, Boston Massachusetts, within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or discharged.

1

Dated this _____ day of _____.

SEAL                                                ROBERT FARRELL
                                                    CLERK OF COURT

                                                    By: _____
                                                        Deputy Clerk