UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIMOLINER, INC.,<br>   Plaintiff/Defendant-in-Counterclaim<br><br>V.<br><br>DATTCO, INC.,<br>   Defendant/Plaintiff-in-Counterclaim | CIVIL ACTION NO.<br>1:11-CV-11877-JCB |

## PLAINTIFF'S REPLY TO DEFENDANT'S LIMITED OPPOSITION TO ITS APPLICATION FOR WRIT OF EXECUTION

The Plaintiff, Limoliner, Inc., (hereinafter the "Plaintiff"), pursuant to Fed. R. Civ. P., Rule 9(e), hereby submits its reply to the Defendant Dattco, Inc. (hereinafter the "Defendant")'s Limited Opposition to its Application for Writ of Execution.

In its Limited Opposition, the Defendant argues that Federal law governs the entitlement to post-judgment interest in any federal lawsuit, including a diversity suit, and cites the case of *Vazquez-Filippetti v. Cooperativa de Seguros Multiples de Puerto Rico,* C.A. 1(Puerto Rico) 2013, 723 F.3d 24. However, the *Vazquez* case is easily distinguishable from the instant action, in that the main defendant in *Vasquez*, an insurance company, did not file an appeal (on the merits) of the judgment rendered against it in a Federal District Court. See *Vazquez* at 26. *Vasquez* involved a personal injury action against numerous defendants including the adverse driver, a liability insurer and a bank. The appeal in *Vasquez* concerned merely the extent of the defendant insurer's liability for post-judgment interest. Indeed, in deciding that question, the United States Court of Appeals, First Circuit turned to and applied the laws of Puerto Rico in

1

interpreting the relevant policy language which determined the degree of responsibility for post-judgment interest the insurer had exposed itself to pursuant to the plain terms of the policy.

While it certainly may be argued that federal law governs entitlement to post-judgment interest in federal civil lawsuits, including diversity actions, the key distinction between the *Limoliner* case and the authorities which the Defendant relies upon in its Limited Opposition is that, in the instant action, numerous unsuccessful federal appeals and a reference to the Massachusetts Supreme Judicial Court occurred. **Final Judgment** in this case was not adjudged and decreed until **March 22, 2019** and **Formal Mandate** of the United States Court of Appeals for the First District was not entered until **May 7, 2019**.

It is indisputable that where state law (in this case Massachusetts law) governs the substance of the underlying transaction or occurrence giving rise to the federal lawsuit, state law should be applied when calculating pre-judgment interest. See *Morris v. Watsco, Inc.*, 385 Mass. 672, 674-75 (1982). This case involved a breach of contract claim, initially filed in a state Superior Court and removed to the Federal District Court on the grounds of diversity, therefore state pre-judgment interest law is considered to be substantive law and must be applied in diversity based cases such as *Limoliner*. See *Commercial Union Ins. Co. v. Walbrook Ins. Co.* 41 F.3d 764 (1st Cir. 1994). Federal courts, in diversity cases, apply state law with respect to pre-judgment interest. See *Jarvis v. Johnson,* 668 F.2d 740, 746-747 (3rd Cir. 1982).

Indeed, Fed. R. Civ. P., Rule 69 (1) provides that a money judgment is enforced by a writ of execution, unless the court directs otherwise, and the procedure on execution-and in proceedings supplementary to and in aid of judgment or execution, **must** accord with the procedure of the state where the court is located... See Fed. R. Civ. P., 69(a)(1). Under Massachusetts law, an execution can and will not issue until either the appeal time has expired or

appellate review has been exhausted. See Mass. R. Civ. P., Rule 62(a) and M.G.L.A.c.235 Section 16.

It is also beyond dispute that, under Massachusetts law, an execution on a money judgment carries interest from the day judgment enters, until it is paid. See *Anderson v. Nat'l Union Fire Ins. Co. of Pittsburgh PA*, 476 Mass. 377, 382-86 (2017) and Mass. R. Civ. P. 54(f). Furthermore, M.G.L.A. c. 235, Section 8 expressly provides that "[e]very judgment for the payment of money shall bear interest from the date of its entry at the same rate per annum as provided for pre-judgment interest in such award, report, verdict or finding".

As **Final Judgment** was not decreed until March 22, 2017 and **Formal Mandate** did not enter until May 7, 2019, the Plaintiff is undeniably entitled to **pre-judgment interest** in the amount of 12% per annum, from the date of the commencement of this action (October 5, 2011) through May 7, 2019, and respectfully requests that this Honorable Court issue a Writ of Execution, consistent with its application for the same, in the amount of **$54,403.71.**

Respectfully Submitted,
The Plaintiff,
By Its Attorneys

_____
Mark Rumson (BBO#633576)
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
(617) 723-7700
MRumson@rflawyers.com

DATED: 9/12/19

3

CERTIFICATE OF SERVICE

I, Mark Rumson, certify that on August 12, 2019, I served an electric copy of this document via CM/ECF upon each party in this case including counsel of record: Christopher Shaw Williams, Williams & Associates, 685 Centre Street, Suite 208, Boston, MA 02130 (cwilliams@williams-lawyers.com) and Robert E. Curtis, Jr. P.O. Box 571 North Andover, MA 01845-0571 (rclp1845@gmail.com)

_____
Mark T. Rumson