UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIMOLINER, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DATTCO, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 11-11877-JCB |

ORDER ON LIMOLINER'S REQUEST FOR A WRIT OF EXECUTION
[Docket No. 151]

August 14, 2019

Boal, M.J.

On August 8, 2019, plaintiff Limoliner, Inc. ("Limoliner") filed a letter requesting a writ of execution in this matter. Docket No. 151. Defendant Dattco, Inc. ("Dattco") filed a limited opposition. Docket No. 152. The parties dispute the date when prejudgment interest ends and postjudgment interest begins. Limoliner argues that prejudgment interest ends, and postjudgment interest begins, on May 7, 2019, the date when the United States Court of Appeals for the First Circuit entered its formal mandate. Docket No. 151 at 2; Docket No. 154 at 2. Dattco, on other hand, argues that prejudgment interest ends, and postjudgment interest begins, on October 14, 2014, the date of the original judgment in this case. Docket No. 152. This Court agrees with Dattco's position.

"In a diversity action, state law controls a prevailing party's entitlement to prejudgment interest." John Hancock Life Ins. Co. v. Abott Labs., 863 F.3d 23, 49 (1st Cir. 2017) (citing Comm'l Union Ins. Co. v. Walbrook Ins. Co., 41 F.3d 764, 774 (1st Cir. 1994)). "Conversely,

1

federal law governs a party's entitlement to postjudgment interest." Id. (citations omitted); see also 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

"[T]he beginning date for the accrual of postjudgment interest marks the ending date for the accrual of prejudgment interest." Id. (citation omitted). In diversity cases, federal law establishes when postjudgment interest begins to accrue and when prejudgment interest ceases to accrue. Id. (citing cases).

Postjudgment interest "shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a). "In general, where a first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment; where the original judgment is basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment." Cordero v. De Jesus-Mendez, 922 F.2d 11, 16 (1st Cir. 1990); see also Fiorentino v. Rio Mar Assocs. LP, SE, 626 F.3d 648, 652 (1st Cir. 2010) (holding that postjudgment interest accrued from date of original judgment because jury's liability determination was upheld on appeal and although original judgment was later modified, all of the damages that were ultimately awarded were embodied in the original judgment.).[1]

---

[1] Similarly, Rule 37 of the Federal Rules of Appellate Procedure provides that:

> (a) **When the Court Affirms**. Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.
>
> (b) **When the Court Reverses**. If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

Fed. R. App. P. 37.

Here, the First Circuit affirmed this Court's findings except with respect to Limoliner's Chapter 93A claims based on violations of 940 C.M.R. § 5.05, prohibiting unfair or deceptive practices by auto-repair shops.  LimoLiner, Inc. v. Dattco, 809 F.3d 33, 42 (1st Cir. 2015).  After the SJC answered a certified question regarding Section 5.05, the First Circuit remanded the case for further proceedings regarding Limoliner's Chapter 93A claims.  Limoliner, Inc. v. Dattco, Inc., 839 F.3d 61, 62 (1st Cir. 2016).  On remand, this Court found no Chapter 93A violation and the First Circuit affirmed that decision.  Limoliner, Inc. v. Dattco, Inc., 919 F.3d 86 (1st Cir. 2019).  Thus, the original judgment entered by this Court stands.  Accordingly, the original judgment is "basically sound" and postjudgment interest began to accrue on October 14, 2014.

For the foregoing reasons, this Court directs the Clerk to issue a writ of execution in the amount of $25,123.89, prejudgment interest in the amount of $9,308.84, and postjudgment interest accruing from October 14, 2014 at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

**So Ordered.**

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge